STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

LYNN MACAIONE,

Plaintiff,

v.

MERCECES-BENZ USA, LLC and GOODWILL ENTERPRISES, INC., d/b/a Dedham Auto Mall,

Defendants.

C.A. No. WC 2008-0159

COMPLAINT AND JURY DEMAND

Parties and Jurisdiction

1. Plaintiff Lynn Macaione is a resident of the Town of Charlestown, County of Washington, Rhode Island.

2. Upon information and belief, Defendant Mercedes-Benz USA ("Mercedes-Benz") is a foreign corporation duly registered under the laws of Delaware with a business address of One Mercedes Drive, Montvale, NJ 07645-0350, and was at all times material registered to do business in and engaged in the transaction of business within the State of Rhode Island and derived substantial revenue from consumers within the State of Rhode Island.

3. Upon information and belief, Defendant Goodwill Enterprises, Inc. is a Massachusetts Corporation which does business as Dedham Auto Mall ("Dedham") with a business address of 340 Providence Highway Westwood, Massachusetts 02090 and solicited and derived substantial income from citizens of the State of Rhode Island.

4. The amount in controversy is sufficient to establish the jurisdiction of this Court.

Facts Common to All Counts

5. On or about April 8, 2007, Plaintiff was driving on Route 1A in the town of Westerly, in a 2002 Mercedes-Benz ML320, upon information and belief VIN No. 4JGAB54EX2A367014, when she lost control of the vehicle. The vehicle traveled off the roadway and hit a utility pole. Upon impact, the airbag system failed to deploy in circumstances where Plaintiff alleges that it should have so deployed. As a result, PLAINTIFF suffered severe personal and other injuries and property damage, some or all of which damages continue and may be permanent and some or all of which were caused by or enhanced by the failure of the airbag system.

6. The vehicle was, upon information and belief designed, manufactured, marketed, tested, maintained and/or otherwise warranted by either or both of the Defendants.

COUNT I – Negligence

7. Plaintiff incorporates Paragraphs 1 through 6 as if set forth here.

8. Defendants, or either of them, were negligent in designing, manufacturing, assembling, supplying, marketing, instructing, and/or failing to provide adequate warnings for the 2002 Mercedes-Benz ML320 including, but not limited to, the following particulars:

a. Negligent design of the air bag system;

b. Negligent design of the crash protection system;

c. Negligent failure to warn of the defects of the restraint and air bag system;

d. Negligent marketing of the vehicle;

e. Negligent manufacture of the air bag and occupant restraint system;

f. Negligent failure to inspect the air bag and occupant restraint system;

g. Negligent failure to adequately test the air bag system;

h. Negligently failing to provide reasonable and adequate warnings; and/or

o. in other ways.

9. As a direct and proximate result of Defendants', or either of their, negligence, the airbag failed to deploy and, as a result, Plaintiff suffered severe personal and other injuries or enhanced injuries and property damage, some or all of which damages continue and may be permanent.

WHEREFORE, Lynn Macaione demands judgment against MERCECES-BENZ USA, LLC and GOODWILL ENTERPRISES, INC., d/b/a Dedham Auto Mall and an award of damages, together with interest, costs and such other relief as provided by law and deemed just by the Court.

COUNT II – Strict Liability

10. Plaintiff incorporates Paragraphs 1 through 9 as if set forth here.

11. Upon information and belief, the 2002 Mercedes-Benz ML320 was defective and unsafe for its intended purposes at the time of its design, manufacture and marketing and sale by the Defendants because it faded to provide reasonable and adequate occupant protection and incorporated a defective air bag system, all of which caused and/or enhanced the injuries and damages suffered by the plaintiff.

12. As a direct and proximate result of the vehicle being defective and unsafe for its intended purposes, the airbag failed to deploy and Plaintiff suffered severe personal and other injuries or enhanced injuries and property damage, some or all of which damages continue and may be permanent.

WHEREFORE, Lynn Macaione demands judgment against MERCEDES-BENZ USA, LLC and GOODWILL ENTERPRISES, INC., d/b/a Dedham Auto Mall and an award of damages, together with interest, costs and such other relief as provided by law and deemed just by the Court.

COUNT III – Breach of Warranty

13. Plaintiff incorporates Paragraphs 1 through 12 as if set forth here.

14. At all times relevant, Defendants were "merchants" in the business of supplying "goods". The 2002 Mercedes-Benz ML320 was a "good" and/or product sold for consumer usage.

15. Defendants breached the warranties of merchantability and fitness for a particular purpose in that the vehicle and its air bag occupant safety system were not of merchantable quality or condition and/or fit for ordinary use or for the intended use for which it was marketed insofar as the airbag failed to deploy in the circumstances of the accident described herein.

16. As a direct and proximate result of Defendants' or either of their, breach of warranty, Plaintiff suffered severe personal and other injuries or enhanced injuries and property damage, some or all of which damages continue and may be permanent.

17. Plaintiff did serve notice of the breaches alleged herein to each of the Defendants prior to filing suit and complied with all statutory or other prerequisites to suit as set forth in this Count.

WHEREFORE, Lynn Macaione demands judgment against MERCEDES-BENZ USA, LLC and GOODWILL ENTERPRISES, INC., d/b/a Dedham Auto Mall and an award of damages, together with interest, costs and such other relief as provided by law and deemed just by the Court.

***LYNN MACAIONE CLAIMS TRIAL BY JURY ON ALL ISSUES SO TRIABLE***

Lynn Macaione,
By her attorney,

Date: 3/3/08

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(fax)295-5220