UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LYNN MACAIONE<br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC and<br>GOODWILL ENTERPRISES, INC., d/b/a<br>Dedham Auto Mall<br><br>Defendants. | CIVIL ACTION NO.<br><br>08-122S |

**ANSWER TO THE COMPLAINT AND JURY DEMAND**

1. Mercedes-Benz USA, LLC ("MBUSA") is without sufficient knowledge or information form a belief as to the truth of the averments of Paragraph 1 of the Complaint.

2. MBUSA admits that it is a limited liability company organized under the laws of Delaware with its principal place of business at One Mercedes Drive, Montvale, New Jersey. MBUSA admits that it distributes certain Mercedes-Benz motor vehicles to independent authorized dealerships in the United States, including in the State of Rhode Island, which independent authorized dealerships may sell to the general public. Otherwise denied.

3. MBUSA is without sufficient knowledge or information from a belief as to the truth of the averments of Paragraph 3 of the Complaint.

4. Admitted.

5. MBUSA is without sufficient knowledge or information form a belief as to the truth of the averments of the first two sentences of Paragraph 5 of the Complaint. MBUSA denies the last two sentences of Paragraph 5 of the Complaint.

6. MBUSA denies that it designed manufactured tested or maintained the Mercedes Benz with VIN No. 4JGAB54EX2A367014. MBUSA admits that it marketed the Mercedes Benz with VIN No. 4JGAB54EX2A367014. MBUSA is without sufficient knowledge or information to form a belief as to the truth of the remaining of averments of Paragraph 6 of the Complaint.

**COUNT I**

7. MBUSA repeats its responses to Paragraphs 1 thru 6 of the Complaint as if set forth at length herein.

8. MBUSA denies the allegations of Paragraph 8 of the Complaint. To the extent that Paragraph 8 of the Complaint is directed at Goodwill Enterprises, Inc. MBUSA is without sufficient knowledge or information to form a belief as to the truth of those averments.

9. MBUSA denies the allegations of Paragraph 9 of the Complaint. To the extent that Paragraph 9 of the Complaint is directed at Goodwill Enterprises, Inc. MBUSA is without sufficient knowledge or information to form a belief as to the truth of those averments.

WHEREFORE, MBUSA demands judgment in its favor along with an award of costs.

**COUNT II**

10. MBUSA repeats its responses to Paragraph 1 thru 9 of the Complaint as if set forth at length herein.

11. MBUSA denies the allegations of Paragraph 11 of the Complaint. To the extent that Paragraph 11 of the Complaint is directed at Goodwill Enterprises, Inc. MBUSA is without sufficient knowledge or information to form a belief as to the truth of those averments.

12. MBUSA denies the allegations of Paragraph 12 of the Complaint. To the extent that Paragraph 12 of the Complaint is directed at Goodwill Enterprises, Inc. MBUSA is without sufficient knowledge or information to form a belief as to the truth of those averments.

WHEREFORE, MBUSA demands judgment in its favor along with an award of costs.

**COUNT III**

13. MBUSA repeats its responses to Paragraphs 1 thru 12 of the Complaint as if set forth at length herein.

14. MBUSA is without sufficient knowledge or information from a belief as to the truth of the averments of Paragraph 14 of the Complaint.

15. MBUSA denies the allegations of Paragraph 15 of the Complaint. To the extent that Paragraph 15 of the Complaint is directed at Goodwill Enterprises, Inc. MBUSA is without sufficient knowledge or information to form a belief as to the truth of those averments.

16. MBUSA denies the allegations of Paragraph 16 of the Complaint. To the extent that Paragraph 16 of the Complaint is directed at Goodwill Enterprises, Inc. MBUSA is without sufficient knowledge or information to form a belief as to the truth of those averments.

17. Denied as stated.

WHEREFORE, MBUSA demands judgment in its favor along with an award of costs.

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's claims against MBUSA are barred, in whole or in part, because her alleged injuries and losses were proximately caused by plaintiff's own failure to exercise reasonable care for her safety and well-being.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiff's claims against MBUSA are barred because the plaintiff assumed the risk of her alleged injuries and losses.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiff's claims against MBUSA based on a theory of breach of warranty are barred because the plaintiff did not give MBUSA timely notice of her claim, or of any alleged breach of warranty, and MBUSA has been prejudiced by her delay in notifying it.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff's complaint fails to state a claim upon which relief may be granted as against MBUSA.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against MBUSA are barred because the conduct of the plaintiff, either alone or combined with the negligence and/or misconduct of others, was the sole proximate cause of plaintiff's alleged injuries and damages.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against MBUSA are barred because the plaintiff's alleged injuries and damages, if any, were caused by the intervening and superseding acts or omissions of third persons.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against MBUSA are barred because her alleged injuries and losses were caused by misuse and/or abuse of, and failure to maintain or properly care for the product.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against MBUSA are barred because her alleged injuries and losses were caused solely by misconduct of persons and entities for whose conduct MBUSA bears no responsibility.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against MBUSA are barred, in whole or in part, because of her own comparative fault and/or contributory negligence.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against MBUSA are barred by R.I. G. L. § 9-1-32, because a substantial cause of plaintiff's alleged injuries and damages was a subsequent alteration or modification of the product.

**ELEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims against MBUSA are barred because the plaintiff voluntarily and unreasonably proceeded to encounter a known danger.

**TWELFTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the applicable Statute of Limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred due to her failure to mitigate her damages.

**JURY DEMAND**

MBUSA demands a jury trial on all issues raised therein.

Dated: April 16, 2008

Respectfully submitted,

By the Defendant
**MERCEDES-BENZ USA, LLC**
By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

*/s/ Brian P. Voke*______________________
Brian P. Voke, Esquire, (R.I. Bar # 4953)
One Richmond Square, Suite 127 C
Providence, RI 02906
Tel: (401) 421-5123
bvoke@campbell-trial-lawyers.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing Answer was sent via electronic mail and regular mail on April 16, 2008 to the following:

Jeffrey S. Michaelson
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, RI 02852

Goodwill Enterprises, Inc.
d.b.a. Dedham Auto Mall
340 Providence Highway
Westwood, MA 02090

*/s/ Brian P. Voke*______________________
Brian P. Voke, Esquire