UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNN MACAIONE
Plaintiff

vs. C.A.NO.: 08-122S

MERCEDES-BENZ USA, LLC and
GOODWILL ENTERPRISES, INC., d/b/a
Dedham Auto Mall
Defendant

DEFENDANT, GOODWILL ENTERPRISES, INC., D/B/A DEDHAM AUTO MALL'S ANSWER TO THE PLAINTIFF'S COMPLAINT

Parties and Jurisdiction

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1 and calls upon the Plaintiff to prove the same.

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2 and calls upon the Plaintiff to prove the same.

3. The allegations of Paragraph 3 are admitted except that it is denied that Goodwill Enterprises, Inc., d/b/a Dedham Auto Mall "solicited and derived substantial income from citizens of the state of Rhode Island".

4. The allegations of Paragraph 4 can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

Facts Common to All Counts

5. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 and calls upon the Plaintiff to prove the same.

6. The allegations of Paragraph 6 are denied.

COUNT I – Negligence

7. The Defendant realleges and incorporates its answers to Paragraphs 1 through 6 of this answer.

8. The allegations of Count I Paragraph 8, including, but not limited to, subsets a, b, c, d, e, f, g, h, and o are denied.

9. The allegations of Count I Paragraph 9 are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorneys fees.

COUNT II – Strict Liability

10. The Defendant realleges and incorporates its answers to Paragraphs 1 through 9 of this answer.

11. The allegations of Count II Paragraph 11 are denied.

12. The allegations of Count II Paragraph 12 are denied.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorneys fees.

COUNT III – Breach of Warranty

13. The Defendant realleges and incorporates its answers to Paragraphs 1 through 13 of this answer.

14. The allegations of Count III Paragraph 14 can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

15. The allegations of Count III Paragraph 15 are denied.

16. The allegations of Count III Paragraph 16 are denied.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Count III Paragraph 17 and calls upon the Plaintiff to prove the same.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be denied and dismissed and the Defendant be awarded its costs and attorneys fees.

DEFENDANT HEREBY DEMANDS A JURY TRIAL

AFFIRMATIVE DEFENSES

First Affirmative Defense

The Plaintiff's Complaint fails to state a claim upon which relief may be granted in that the Plaintiff's negligence was the proximate cause of her injuries.

Second Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by and absence of legal responsibility on the part of the Defendant.

Third Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party for whose conduct the Defendant is not legally responsible.

Fourth Affirmative Defense

Even if the Defendants were negligent or breached warranties as alleged, the product involved in this action was changed in substance and form after it left the control of the Defendants by the Plaintiff or by one for whose the conduct the Defendants are not legally responsible and such damages were the actual causes of the Plaintiff’s injuries and damages.

Fifth Affirmative Defense

Even if the Defendants were negligent or breached warranties as alleged, the product involved in this action was misused after it left the control of the Defendants by Plaintiff or by one for whose conduct Defendants were not responsible and such changes were the actual causes of the Plaintiff’s injuries and damages.

Sixth Affirmative Defense

The process in this action is insufficient.

Seventh Affirmative Defense

The service of process in this action is insufficient.

Eight Affirmative Defense

The Plaintiff’s claims are barred because the conduct of the Plaintiff, either alone or combined with the negligence and/or misconduct of others, was the sole proximate cause of the Plaintiff’s alleged injuries and damages.

Ninth Affirmative Defense

The Plaintiff’s claims are barred because her alleged injuries and losses were caused by misuse and/or abuse of, and failure to maintain or properly care for the product.

Tenth Affirmative Defense

The Plaintiff's claims are barred by RIGL 9-1-32, because a substantial cause of the Plaintiff's alleged injuries and damages was a subsequent alteration or modification of the product.

Eleventh Affirmative Defense

The Plaintiff's claims are barred by the applicable Statute of Limitations.

Twelfth Affirmative Defense

The Plaintiff's claims are barred due to her failure to mitigate her damages.

Thirteenth Affirmative Defense

The Plaintiff's claims are barred because the Plaintiff's alleged injuries and damages, if any, were caused by intervening and superseding acts or omissions of third persons.

Fourteenth Affirmative Defense

The Court does not have jurisdiction over the person of the Defendant.

Respectfully Submitted,
Goodwill Enterprises, Inc. d/b/a
Dedham Auto Mall
By their attorneys,

*/s/Ronald Langlois*
Ronald Langlois, Esq., #2891
SMITH & BRINK, P.C.
One State Street, Suite 400
Providence, RI 02903
Tel: (401) 351-9970
Fax: (401) 274-6218

*/s/Lauren Wilkins*
Lauren Wilkins, Esq., #3239
SMITH & BRINK, P.C.
One State Street, Suite 400
Providence, RI 02903
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that on this 15TH day of May, 2008, I mailed a true and accurate copy of the enclosed to:

Jeffrey S. Michaelson, Esq.
Michaelson & Michaelson
PO Box 622
7454 Post Road
North Kingstown, RI 02852

Brian P. Voke, Esq.
Campell Campell Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129

*/s/ Lauren Wilkins*