UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNN MACAIONE,<br><br>Plaintiff,<br><br>v.<br><br>MERCECES-BENZ USA, LLC and GOODWILL ENTERPRISES, INC., d/b/a Dedham Auto Mall,<br><br>Defendants. | ) | C.A. No. 08-122S |

PLAINTIFF'S CONFERENCE STATEMENT

Pursuant to the Court's Notice of Conference set for September 19, 2008, Plaintiff files this written statement:

1. Nature of Claims.

This suit is brought by Plaintiff Lynn Macaione, who was involved in a single vehicle, car vs. utility pole accident, in Westerly, Rhode Island on about April 8, 2007. The accident was the result of a medical condition. In the accident, Plaintiff suffered personal injuries, including lacerations, bruises, a large bump, scarring which is believed to be permanent, lost time from work, endured pain and suffering, emotional distress, lost time and wages from work, incurred medical expenses and was otherwise damaged.

The vehicle was distributed by Defendant Mercedes-Benz, and was purchased from Defendant Goodwill.

In the accident, the airbag did not deploy and Plaintiff has alleged that, as a result of that failure to deploy, she was injured and/or suffered enhanced injuries.

Plaintiff brings three Counts:

COUNT I – Negligence: Defendants, or either of them, were negligent in designing, manufacturing, assembling, supplying, marketing, instructing, and/or failing to provide adequate warnings for the 2002 Mercedes-Benz ML320 including, but not limited to, the following particulars:

a. Negligent design of the air bag system;
b. Negligent design of the crash protection system;
c. Negligent failure to warn of the defects of the restraint and air bag system;
d. Negligent marketing of the vehicle;
e. Negligent manufacture of the air bag and occupant restraint system;
f. Negligent failure to inspect the air bag and occupant restraint system;
g. Negligent failure to adequately test the air bag system;
h. Negligently failing to provide reasonable and adequate warnings; and/or
o. in other ways.

COUNT II – Strict Liability: Upon information and belief, the 2002 Mercedes-Benz ML320 was defective and unsafe for its intended purposes at the time of its design, manufacture and marketing and sale by the Defendants because it failed to provide reasonable and adequate occupant protection and incorporated a defective air bag system, all of which caused and/or enhanced the injuries and damages suffered by the plaintiff.

COUNT III – Breach of Warranty: Defendants breached the warranties of merchantability and fitness for a particular purpose in that the vehicle and its air bag occupant safety system were not of merchantable quality or condition and/or fit for ordinary use or for the intended use for which it was marketed insofar as the airbag failed to deploy in the circumstances of the accident described herein.

2. Elements of Causes of Action.

A. Negligence.

Negligence is some conduct which breaches the duty of care owed by one person to another because of the circumstances. Generally, negligence is the failure of one person, acting in a given set of circumstances, to exercise that degree of care for the safety/interest/property of another person that a reasonably prudent person would ordinarily exercise in the same or similar circumstances. Negligence may result from not doing something that a reasonably prudent person would do or it may result from doing something that a reasonably prudent person would not do under the same or similar

circumstances. *Montuori v. Narragansett Electric Co.*, 418 A.2d 5 (1980).

Only where a person's negligence causes harm do we hold the person responsible for that harm. There must be a link or connection between the negligence and the harm in order to hold a person responsible. The law requires that the connection or link between the negligent conduct and the resulting harm be legally sufficient, that is, something more than insubstantial or insignificant.

Proximate cause means a cause that in a natural, continuous and unbroken sequence produces an event or injury and without which the event or injury would not have occurred. The proximate cause of an event or injury is a substantial, primary or moving cause without which the event or injury would not have happened. Causes that are merely incidental are not proximate causes. *Wells v. Uvex Winter Optical, Inc*., 635 A.2d 1188 (R.I. 1994); Ouellette v. Carde, 612 A.2d 687 (1992); *Hueston v. Narragansett Tennis Club Inc.*, 502 A.2d 827 (R.I. 1986).

The defendant owed a duty to the plaintiff to exercise reasonable care in the design of its product. Reasonable care is that care, skill and diligence used in the design of a product that a reasonably skillful and diligent person would exercise, or that care that a reasonably prudent person would use under the same or similar circumstances in designing such a product. *Raimbault v. Takeuchi Manufacturing (U.S.), Ltd.*, 772 A.2d 1056, 1063 (R.I. 2001); *Thomas v. Amway Corp.*, 488 A.2d 716 (R.I. 1985); *Ritter v. Narragansett Electric Co.*, 109 R.I. 176, 283 A.2d 255 (1971).

A seller of goods manufactured by another has a duty to warn purchasers of dangerous defects in the product if the seller knows or has reason to know that the product poses a danger to a user or consumer of the product. Incident to this duty to warn is a duty to acquire knowledge about the product through reasonably adequate inspections and tests. *Scittarelli v. Providence Gas Co.*, 415 A.2d 1040 (R.I. 1980); *Ritter v. Narragansett Electric Co.*, 109 R.I. 176, 182, 283 A.2d 255, 258-59 (1971).

B. Strict Liability.

In order for there to be a recovery on the theory of strict liability, the plaintiff must prove that:

a) the defendant was engaged in the business of manufacturing, selling or leasing the product at issue;

b) the defendant manufactured, sold or leased the product, which was in a defective condition and was unreasonably dangerous to a user or consumer;

c) the product was expected to and did reach the plaintiff user/consumer without substantial change from the time it was manufactured;

d) the plaintiff user/consumer was using the product in a way that it was intended to be used; and

e) the defective condition of the product proximately caused plaintiff's injuries.

*Castrignano v. E.R. Squibb & Sons, Inc.*, 546 A.2d 775, 781 (R.I. 1988); *Peters v. Jim Walter Door Sales of Tampa, Inc.*, 525 A.2d 46 (R.I. 1987); *Thomas v. Amway Corp.*, 488 A.2d 716, 721-22 (R.I. 1985); *Ritter v. Narragansett Electric Co.*, 109 R.I. 176, 283 A.2d 255 (1971).

The term "unreasonably dangerous" means that a defect in the product presented a strong likelihood of injury to a consumer who is unaware of the danger in utilizing the product in a normal manner. *Raimbault v. Takeuchi Manufacturing* (U.S.), Ltd., 772 A.2d 1056. 1063 (R.I. 2001); *Ritter v. Narragansett Electric Co.*, 109 R.I. 176, 191, 283 A.2d 255, 263 (1971).

The term "defect" means a feature or condition of the product which makes the product unsafe for its intended use. *Castrignano v. E.R. Squibb & Sons, Inc.*, 546 A.2d 775, 779 (R.I. 1988).

Under a theory of strict liability, a defendant is liable to a plaintiff where that plaintiff has been injured by the defendant's defective and unreasonably dangerous product. It is immaterial whether or not a defendant exercised due care in making that product. *Romano v. Westinghouse Electric Co.*, 114 R.I. 451 , 336 A.2d 555 (1975); *Ritter v. Narragansett Electric Co.*, 109 R.I. 176, 283 A.2d 255 (1971);

C. Breach of Warranty.

The seller of a product is liable for the harm caused by its breach of warranty that the product is fit for a particular purpose where the statements or representations forming the warranty induced the consumer to purchase the product and the consumer relied upon those statements or representations. An express warranty by the seller of a product is created by a statement of fact or promise made by the seller to the buyer that relates to the goods sold. R.I.G.L. 6A-2-313; *Thomas v. Amway Corp.*, 488 A.2d 716 (R.I. 1985).

i. Implied Warranty of Merchantability

When a manufacturer or a distributor sells a product, there is implied in the sale a warranty by the manufacturer or distributor that the product is of a merchantable quality. That means that the product is of fair, average quality and is reasonably fit for the intended purpose. The term "reasonably fit for the intended purpose" means that the product is free of defects which would make it unreasonably dangerous for normal use. R.I.G.L. 6A-2-314; *Lariviere v. Dayton Safety Ladder Co.*, 525 A.2d 892 (R.I. 1987).

ii. Implied Warranty of Fitness for a Particular Purpose

An implied warranty of fitness for a particular purpose arises where the seller of the product has reason to know the particular purpose for which the product will be used, and the buyer relies on the seller's skill and judgment in selecting the product. In such a case, if the product is unfit for that purpose, and the plaintiff is injured as a result, then the seller is liable to the plaintiff for his/her injuries. R.I.G.L. 6A-2-315; *Lariviere v. Dayton Safety Ladder Co.*, 525 A.2d 892 (R.I. 1987).

D. Enhanced Injury/Crashworthiness.

The crashworthiness or enhanced injury doctrine extends the manufacturer's liability to cases in which the plaintiff suffers separate or enhanced injuries in the course of an initial accident caused

by his own vehicle. In automobile accident cases, the theory requires proof that a defect in their vehicle caused them to suffer greater injuries than would have occurred had the vehicle been properly designed. *Larsen v. General Motors Corp.*, 391 F.2d 495, 503 (8th Cir. 1968); *Trull v. Volkswagen of Am., Inc.*, 145 N.H. 259, 761 A.2d 477, 479 (2000)

Respectfully submitted,
Lynn Macaione,
By her attorney,

Date: September 17, 2008

/s/Jeffrey S. Michaelson

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(fax)295-5220

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

/s/ Jeffrey S. Michaelson