UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LYNN MACAIONE<br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC and GOODWILL ENTERPRISES, INC., d/b/a Dedham Auto Mall<br><br>Defendants. | CIVIL ACTION NO.<br><br>08-122S |

**MERCEDES-BENZ USA, LLC'S STATEMENT OF AFFIRMATIVE DEFENSES PURSUANT TO LOCAL RULE 16(b)**

Defendant, Mercedes-Benz USA, LLC ("MBUSA"), hereby submits the following statement of affirmative defenses pursuant to United States District Court for the District of Rhode Island, Local Rule 16(b):

**1. Affirmative Defense:** The plaintiff's claims against MBUSA are barred, in whole or in part, because her alleged injuries and losses were proximately caused by plaintiff's own failure to exercise reasonable care for her safety and well being.

**Elements:** This is a defense to any theory of liability brought by the plaintiff including the theories of negligence, strict liability, and breach of the implied warranty of merchantability. See Fiske v. MacGregor. Div. of Brunswick, 464 A.2d 719, 726-29 (R.I. 1983). Comparative fault is premised upon a plaintiff's duty to exercise reasonable care for her own safety. See Swaiian v. General Motors Com., 559 A.2d 1041, 1046 (R!. 1989). Under comparative fault, the defendant is entitled to demonstrate that the plaintiff's injuries were caused, in whole or in part, by the plaintiffs own negligence. See Stevens v. Bangor & Aroostook R Co., 97 F.3d 594,599 (1st Cir. 1996); McInnis v.

A.M.F. Inc., 765 F.2d 240, 246 (1st Cir. 1985). If the defendant proves that the plaintiff failed to act as a reasonably prudent person under the circumstances, any potential recovery should be limited by the amount of the plaintiffs own negligence. RI. Gen Laws 9-20-4 (1997); Restatement (Third) of Torts § 17 (1997).

2. **Affirmative Defense:** The plaintiff's claims against MBUSA are barred because the plaintiff assumed the risk of her alleged injuries and losses.

**Elements:** If the consumer or user is aware of a danger in a product, and proceeds to use the product in a different manner than intended, or uses the product in a manner she knows requires certain precautions, the manufacturer or seller will not be liable to her. Ritter v. Narragansett Elec. Co., 283 A.2d 255, 263(R.I. 1971).

3. **Affirmative Defense:** The plaintiff's claims against MBUSA based on a theory of breach of warranty are barred because the plaintiff did not give MBUSA timely notice of her claim, or of any alleged breach of warranty, and MBUSA has been prejudiced by her delay in notifying it.

**Elements:** The plaintiff has the burden of proving by a preponderance of the evidence that Ms. Macaione provided notice of the incident, within a commercially reasonable period of time, to MBUSA of her alleged injuries and his intent to bring suit. Rhode Island General Laws 1956, §6A-2-607(3)(a); Electric Terminal Corp. v. Sesna Air Craft, 520 A.2d 144, 146 (R.I. 1987); Lariviere v. Dayton Safety Ladder Co., 525 A.2d 892, 898 (R.I. 1987).

4. **Affirmative Defense:** The plaintiff's claims against MBUSA are barred because the conduct of the plaintiff, either alone or combined with the negligence and/or misconduct of others, was the sole proximate cause of the plaintiff's alleged injuries and damages.

**Elements:** "[T]he establishment of liability [against any particular defendant] requires the identification of the specific defendant responsible for the injury." Gonnan v. Abbott Lab., 599 A.2d 1364, 1364 (R.I. 1991); see also Konicki v. Lawrence, 475 A.2d 208,210 (R.I. 1984) (determining that plaintiff must show "negligence was more probably than not" that of particular defendant). If expert testimony is relied upon, ~the expert must report that the result in question 'most probably' came from the cause alleged." Montouri v. Narragansett Elec. Co.. 418 A.2d 5, 10 (R.I. 1980) (quoting Sweet v. Hemingway Transp. Inc., 114 R.I. 348,355,333 A.2d 411,415 (1975)).

In order for the plaintiff to recover in negligence, not only must she prove that the defendant breached a duty owed to her, but she must also prove that any breach of duty was a proximate cause" of his injury. Salk v. Alpine Ski Shop, 115 RI. 309, 312, 342 A.2d 622, 625 (1975). Proof of proximate cause is required not only for recovery in negligence but also for recovery under the breach of implied warranty and strict liability theories. See Geremia v. Benny's, Inc. , 119 RI. 868, 872, 383 A.2d 1332, 1334 (1978); DiMarzio v. Sunbeam Leisure Products, C.A. No. PC90-3038, 1991 WL 789917, at '1-2 (RI. Super. Ct. Nov. 14, 1991) (Gibney, J.). For the defendant to be a proximate cause of the plaintiff's harm, its acts or omissions must have been a "primary cause" in bringing about the harm. Wells v. Uvex Winter Optical, Inc., 635 A.2d 1188, 1191 (RI. 1994) (quoting Krauss v. Greenburg, 137 F.2d 569, 572 (3d Cir. 1943)). To prove proximate cause, the plaintiff must prove two distinct elements by a preponderance of the evidence: 1) that her injury would not have occurred "but for" the defendant's negligence; and 2) "that the harm was a natural and probable consequence of the negligence." 635 A.2d at 1191 (quoting Redgrave v. Boston Symphony Orchestra, 855 F.2d 888, 893 (lst Cir. 1988), cert. denied, 488 U.S. 1043, (1989)). Under the first element, the plaintiff must

prove that the harm would not have occurred in the absence of' the defendant's breach of duty. Doe v. U.S., 737 F.Supp. 155, 159 (D.R.I. 1990) (Torres, I); DiPetrillo v. Dow Chemical, 1991 WL 937006 (R.I. Super. Ct. Nov. 8, 1996) (C.A. No. 93-6617) (Gibney, J.). Under the second element, the plaintiff must prove that the defendant's act or failure to act was a direct, rather than a remote, cause of the injury. Federal Express Corp. v. Rhode Island Dept. of Trans. Airports Div., 664 F.2d 830,837 (1st Cir. 1981) (Breyer, J.) (interpreting Rhode Island law).

5. **Affirmative Defense:** The plaintiff's claims against MBUSA are barred because the plaintiff's alleged injuries and damages, if any, were caused by the intervening and superseding acts or omissions of third persons.

**Elements:** The defendant is "not bound to anticipate mischievous or wrongful acts on the part of others and is therefore not bound to guard against them. D'Ambra v. Peak Bldg. Corp.. 680 A.2d 939,941 (R.I. 1996) (quoting Mahogany v. Ward, 16 R.I. 479, 484, 17 A. 860, 862 (1889)). Consequently, the defendant is not liable for "events which are only remote or slightly probable." Id. (quoting Prue v. Goodrich Oil Co., 49 R.I. 120, 123, 140 A. 665,666 (1928)). Furthermore, an intervening act may have the effect of insulating the defendant from liability even if his negligence was a proximate cause of the plaintiffs injury. Casador v. First Nat. Stores, 478 A.2d 191, 194 (R.I. 1984) (quoting Roberrs v. Kettelle, 116 R.I. 283, 295, 365 A.2d 207,215 (1976)). In other words, even if the defendant acted negligently, a subsequent negligent act on the part of the plaintiff or someone else will shield the defendant from all liability if the second act could not have been foreseen by the defendant as a natural and probable consequence of the original act. The test for remoteness is whether the intervening act could reasonably have been foreseen as a natural and probable result of the original act of negligence of the

defendant." Id. If an intervening act was not reasonably foreseeable, that act becomes the "sole proximate cause of the plaintiff's injuries." Almeida v. Town of North Providence, 468 A.2d 915,917 (R.I. 1983).

6. **Affirmative Defense:** The plaintiff's claims against MBUSA are barred because her alleged injuries and losses were caused by misues and/or abuse of, and failure to maintain or properly care for the product.

**Elements:** In a case such as this, where the accident occurs after the defendants have surrendered control of the product, it is the plaintiff's burden to show that the vehicle had not been improperly handled by other parties. The plaintiff cannot prevail on either the negligence or the breach of warranty claim, unless they prove that the 2002 Mercedes-Benz ML320 was in substantially the same condition as it was when it left the possession of the manufacturer. Lariviere v. Dayton Safety Ladder Co., 525 A.2d 892, 896 (R.I. 1987); Ritter v. Narragansett Electric Co., 109 R.I. 176, 283 A.2d 255 (1971); Rhode Island Civil Model Jury Instruction 2002.3, 2006.3.

The defendant cannot be held liable if the plaintiff used the product in a way different than was intended or if the plaintiff used the product in a way in which he knew required certain precautions to be taken to make the product safe. See Jackson v. Coming Glass Works, 538 A.2d 666,668-69 (RI. 1988); Ritter v. Narragansett Elec. Co., 109 RI. 176, 191,283 A.2d 255, 263 (1971). "No manufacturer or seller of a product shall be liable for product liability damages where a substantial cause of the injury, death, or damage was a subsequent alteration or modification." RI. Gen. Laws 9-1-32 (1997). Subsequent alteration or modification includes any post-sale change in the "purpose, use, function, design, or manner of use of the product from that originally designed, tested or intended by the manufacturer." Id. Failure to observe routine care and maintenance also

constitutes subsequent alteration and will similarly serve to insulate the defendant from liability. See La Plante v. American Honda Motor Co., 27 F.3d 731, 735-36 (1st Cir. 1994). This is so "even if the product was defective at the time it left the defendant's control, and the defect was a proximate cause of the plaintiff's injuries." Id. at 737.

7. **Affirmative Defense:** The plaintiff's claims against MBUSA are barred because her alleged injuries and losses were caused solely by misconduct of persons and entities for whose conduct MBUSA bears no responsibility.

**Elements:** The defendant is "not bound to anticipate mischievous or wrongful acts on the part of others" and is therefore not bound to guard against them. D'Ambra v. Peak Bldg. Corp.. 680 A.2d 939,941 (R.I. 1996) (quoting Mahogany v. Ward, 16 R.I. 479, 484, 17 A. 860, 862 (1889)). Further, in order for the plaintiff to recover in negligence, not only must she prove that the defendant breached a duty owed to her, but she must also prove that any breach of duty was a proximate cause" of his injury. Salk v. Alpine Ski Shop, 115 RI. 309, 312, 342 A.2d 622, 625 (1975). Proof of proximate cause is required not only for recovery in negligence but also for recovery under the breach of implied warranty and strict liability theories. See Geremia v. Benny's, Inc. , 119 RI. 868, 872, 383 A.2d 1332, 1334 (1978); DiMarzio v. Sunbeam Leisure Products, C.A. No. PC90-3038, 1991 WL 789917, at '1-2 (RI. Super. Ct. Nov. 14, 1991) (Gibney, J.). For the defendant to be a proximate cause of the plaintiff's harm, its acts or omissions must have been a "primary cause" in bringing about the harm. Wells v. Uvex Winter Optical, Inc., 635 A.2d 1188, 1191 (RI. 1994) (quoting Krauss v. Greenburg, 137 F.2d 569, 572 (3d Cir. 1943)). To prove proximate cause, the plaintiff must prove two distinct elements by a preponderance of the evidence: 1) that her injury would not have occurred "but for" the defendant's negligence; and 2) "that the harm was a natural and probable consequence of

the negligence." 635 A.2d at 1191 (quoting Redgrave v. Boston Symphony Orchestra, 855 F.2d 888, 893 (lst Cir. 1988), cert. denied, 488 U.S. 1043, (1989)). Under the first element, the plaintiff must prove that the harm would not have occurred in the absence of' the defendant's breach of duty. Doe v. U.S., 737 F.Supp. 155, 159 (D.R.I. 1990) (Torres, I); DiPetrillo v. Dow Chemical, 1991 WL 937006 (R.I. Super. Ct. Nov. 8, 1996) (C.A. No. 93-6617) (Gibney, J.). Under the second element, the plaintiff must prove that the defendant's act or failure to act was a direct, rather than a remote, cause of the injury. Federal Express Corp. v. Rhode Island Dept. of Trans. Airports Div., 664 F.2d 830,837 (1st Cir. 1981) (Breyer, J.) (interpreting Rhode Island law).

**8. Affirmative Defense:** The plaintiff's claims against MBUSA are barred, in whole or in part, because of her own comparative fault and/or contributory negligence.

**Elements:** This is a defense to any theory of liability brought by the plaintiff including the theories of negligence, strict liability, and breach of the implied warranty of merchantability. See Fiske v. MacGregor. Div. of Brunswick, 464 A.2d 719, 726-29 (R.I. 1983). Comparative fault is premised upon a plaintiff's duty to exercise reasonable care for her own safety. See Swaiian v. General Motors Com., 559 A.2d 1041, 1046 (R!. 1989). Under comparative fault, the defendant is entitled to demonstrate that the plaintiff's injuries were caused, in whole or in part, by the plaintiffs own negligence. See Stevens v. Bangor & Aroostook R Co., 97 F.3d 594, 599 (1st Cir. 1996); McInnis v. A.M.F. Inc., 765 F.2d 240, 246 (1st Cir. 1985). If the defendant proves that the plaintiff failed to act as a reasonably prudent person under the circumstances, any potential recovery should be limited by the amount of the plaintiffs own negligence. RI. Gen Laws 9-20-4 (1997); Restatement (Third) of Torts § 17 (1997).

**9. Affirmative Defense:** The plaintiff's claims against MBUSA are barred by

R.I.G.L. § 9-1-32, because a substantial cause of plaintiff's alleged injuries and damages was a subsequent alteration or modification of the product.

**Elements:** In a case such as this, where the accident occurs after the defendants have surrendered control of the product, it is the plaintiff's burden to show that the vehicle had not been improperly handled by other parties. The plaintiff cannot prevail on either the negligence or the breach of warranty claim, unless they prove that the 2002 Mercedes-Benz ML320 was in substantially the same condition as it was when it left the possession of the manufacturer. Lariviere v. Dayton Safety Ladder Co., 525 A.2d 892, 896 (R.I. 1987); Ritter v. Narragansett Electric Co., 109 R.I. 176, 283 A.2d 255 (1971); Rhode Island Civil Model Jury Instruction 2002.3, 2006.3.

The defendant cannot be held liable if the plaintiff used the product in a way different than was intended or if the plaintiff used the product in a way in which he knew required certain precautions to be taken to make the product safe. R.I.G.L. § 9-1-32; See Jackson v. Coming Glass Works, 538 A.2d 666, 668-69 (RI. 1988); Ritter v. Narragansett Elec. Co., 109 RI. 176, 191,283 A.2d 255, 263 (1971). "No manufacturer or seller of a product shall be liable for product liability damages where a substantial cause of the injury, death, or damage was a subsequent alteration or modification." RI. Gen. Laws 9-1-32 (1997). Subsequent alteration or modification includes any post-sale change in the "purpose, use, function, design, or manner of use of the product from that originally designed, tested or intended by the manufacturer." Id. Failure to observe routine care and maintenance also constitutes subsequent alteration and will similarly serve to insulate the defendant from liability. See La Plante v. American Honda Motor Co., 27 F.3d 731, 735-36 (1st Cir. 1994). This is so "even if the product was defective at the time it left the

defendant's control, and the defect was a proximate cause of the plaintiff's injuries." Id. at 737.

**10. Affirmative Defense:** The plaintiff's claims against MBUSA are barred because the plaintiff voluntarily and unreasonably proceeded to encounter a known danger.

**Elements:** If the consumer or user is aware of a danger, uses the product in a different manner than intended, or uses the product in a manner she knows requires certain precautions, the manufacturer or seller will not be liable to her. Ritter v. Narragansett Elec. Co. 283 A.2d 255, 263(R.I. 1971). Further, the function of instructions is to inform people how to use the product safely. The function of warnings is to alert a product's users to the existence and nature of product risks so they can prevent harm by appropriate conduct. MBUSA is therefore under no obligation to provide warnings or instructions concerning risks and risk-avoidance measures that should be obvious to, or generally known by, foreseeable product users, because providing warnings or instructions about obvious or generally known risks ordinarily will not provide additional safety. Restatement (Third) of Torts: Products Liability, §2, comments *i* and *j*. (ALI: 1998); Thomas v. Amway Corp., 488 A.2d 716 (R.I. 1985); LaPlante v. American Honda Motor Co., Inc., 27 F.3d 731 (lst Cir.1994); Ritter v. Narragansett Electric Co., 109 R.I. 176, 283 A.2d 255 (1971); Jackson v. Corning Glass Works, 538 A.2d 666 (R.I. 1988); Parrillo v. Giroux, 426 A.2d 1313 (R.I. 1981); Restatement (Second) of Torts, §402A, (1965).

**11. Affirmative Defense:** The plaintiff's claims are barred due to her failure to mitigate her damages.

**Elements:** A party claiming injury that is due to breach of contract or tort has a duty to exercise reasonable diligence and ordinary care in attempting to minimize its

damages. Bibby's Refrigeration, Heating & Air Conditioning, Inc. v. Salisbury, 603 A.2d 726, 729 (R.I.1992). This rule prevents the injured party from sitting silent while the damages accumulate. Id. It is important to differentiate between the legal duty to mitigate and actual success in mitigation. The law commands reasonable efforts and ordinary care in the circumstances. See Fleet National Bank v. Anchor Media Television, Inc., 45 F.3d 546, 561 (1st Cir.1995).

Respectfully submitted,

By the Defendant
**MERCEDES-BENZ USA, LLC**
By its attorneys,

CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

*/s/ Brian P. Voke*
Brian P. Voke, Esquire, (R.I. Bar # 4953)
One Richmond Square, Suite 127 C
Providence, RI 02906
Tel: (401) 421-5123
bvoke@campbell-trial-lawyers.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing document was sent via electronic mail on September 17, 2008 to the following:

Jeffrey S. Michaelson
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, RI 02852

Lauren Wilkins
Smith & Brink
1 State Street
Suite 400
Providence RI 02908

*/s/ Brian P. Voke*
Brian P. Voke, Esquire