UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNN MACAIONE
Plaintiff

vs. C.A.NO.: 08-122S

MERCEDES-BENZ USA, LLC and
GOODWILL ENTERPRISES, INC., d/b/a
Dedham Auto Mall
Defendant

DEFENDANT, GOODWILL ENTERPRISES, INC., D/B/A DEDHAM AUTO MALL'S
RULE 16 CONFERENCE STATEMENT

**Introduction**

This matter arises out of a motor vehicle which occurred on April 8, 2007 in the town of Westerly, Rhode Island. On that date, the Plaintiff, Lynn Macaione was involved in a single car accident. Ms. Maciaone apparently had a hypoglycemic episode causing her to black out and drive into a telephone pole. The force of the impact caused the pole to completely dislodge from its base and split. There were no skid marks indicating that the Plaintiff ever applied the brakes prior to impact and the Plaintiff recalls feeling "funny" before the accident.

**Facts and Travel**

The Plaintiff has filed suit against Goodwill Enterprises, Inc., d/b/a the Dedham Auto Mall (hereinafter "Goodwill") and Mercedes Benz USA, LLC (hereinafter "Mercedes") as a result of a collision which occurred on April 8, 2007. The Plaintiff alleges that the airbags in her vehicle, a 2002 Mercedes Benz SUV did not deploy during the course of the collision. The 2002 Mercedes Benz was purchased from Goodwill on October 14, 2006. At the time of the purchase, Ms. Macione knew that the vehicle was used, it had approximately 49,183 miles on the vehicle and Goodwill provided Ms. Macione with a 60 day limited used vehicle warranty. Goodwill purchased the vehicle at Auction on October 10, 2006 and sold to the plaintiff 4 days later. During the time in which Goodwill had the vehicle, they did not repair or replace the airbag.

As a result of the collision, the plaintiff is claiming neck and back injuries. There is a dispute as to liability as well as the causal relationship of Ms. Macione's current condition to the accident.

**Legal Issues**

There are two primary issues in this case. In addition to the causal relationship between the plaintiff's injures and her current condition, there is also the issue of the

failure of the airbag to deploy to the plaintiff's injuries, and whether or not Goodwill breached the Warranty of Merchantability when the Mercedes was sold to the Plaintiff.

**Discovery**

The defendant intends to propound interrogatories and requests for production of documents regarding the plaintiff's claim of damages, including, but not limited to requests for all of her medical records related to this loss and any and all documentation regarding her medical condition prior to the loss. Additionally, based upon the allegation that the plaintiff's injuries were a result of the failure of the airbag to deploy, it will most likely be necessary to have a medical expert review the records and possibly examine the plaintiff to determine the causal relationship between her injuries and the accident. It may also be necessary to hire an expert to conduct an inspection of the vehicle to determine the cause of the failure, review the warranty records to determine the existence of any additional parties and potentially hire a biomechanical engineer to determine whether or not the failure of the airbag to deploy was the cause of the plaintiff's injuries.

**Settlement**

The defendant acknowledges the parties have insufficient information at this time regarding the apportionment of liability as well as the plaintiff's alleged damages. Upon completion of discovery and evaluation of the claim the defendant would be in a better position to discuss settlement in order to expedite the resolution of the claim.

**Alternative Dispute Resolution**

The defendant welcomes mediation and or arbitration subsequent to the completion of discovery and review by the expert witnesses.

Respectfully Submitted,
Goodwill Enterprises, Inc. d/b/a
Dedham Auto Mall
By their attorneys,

*/s/Lauren Wilkins*

Lauren Wilkins, Esq., #3239
SMITH & BRINK, P.C.
317 Iron Horse Way, Suite 203
Providence, RI 02903
Tel: (401) 351-9970
Fax: (401) 274-6218

**CERTIFICATION**

I hereby certify that on this 16th day of September, 2008, I mailed a true and accurate copy of the enclosed to:

Jeffrey S. Michaelson, Esq.
Michaelson & Michaelson
PO Box 622
7454 Post Road
North Kingstown, RI 02852

Brian P. Voke, Esq.
Campell Campell Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129

*/s/ Lauren Wilkins*